**Martin SKLAROFF, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23611.**

United States Court of Appeals Fifth Circuit.

July 3, 1967.

Rehearing Denied Aug. 15, 1967.

Harvey J. St. Jean, Lawrence E. Hoffman, Hoffman & St. Jean, Miami Beach, Fla., for appellant.

Bernard Nachman, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Middle District of Florida, Jacksonville, Fla., for appellee.

Before PHILLIPS,* COLEMAN, and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Martin Sklaroff was charged in a one count information with a violation of § 7203 of Title 26, United States Code, in that he had been in the business of accepting wagers as defined in § 4421(1) (A), Title 26, United States Code, and had wilfully and knowingly failed to register with and pay to the District Director of Internal Revenue the special tax required by the provisions of §§ 4411, 4412, and 4901(a) of said Title.[1] We affirm.

---

* Of the Tenth Circuit, sitting by designation.

1. § 4421. Definitions.

For purposes of this chapter—

(1) Wager.

The term "wager" means—

(A) any wager with respect to a sports event or a contest placed with a person engaged in the business of accepting such wagers, * * *.

§ 4411. Imposition of tax.

There shall be imposed a special tax of $50 per year to be paid by each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable.

§ 4412. Registration.

(a) Requirement.

Each person required to pay a special tax under this subchapter shall register with the official in charge of the internal revenue district—

(1) his name and place of residence;

(2) if he is liable for tax under subchapter A, each place of business where the activity which makes him so liable is carried on, and the name and place of residence of each person who is engaged in receiving wagers for him or on his behalf; and

(3) if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A, the name and place of residence of each such person.

(b) Firm or company.

Where subsection (a) requires the name and place of residence of a firm or company to be registered, the names and places of residence of the several persons constituting the firm or company shall be registered.

(c) Supplemental information.

In accordance with regulations prescribed by the Secretary, he or his delegate may require from time to time such supplemental information from any person required to register under this section as may be needful to the enforcement of this chapter.

§ 4901. Payment of tax.

(a) Condition precedent to carrying on certain business.

No person shall be engaged in or carry on any trade or business subject to the tax imposed by section 4411 (wagering), 4461(2) (coin-operated gaming devices), 4721 (narcotic drugs), or 4751 (marihuana) until he has paid the special tax therefor. * * *

§ 7203. Willful failure to file return, supply information, or pay tax.

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such rec-

On June 6, 1964, at about 1 o'clock P.M., appellant was sitting in the bedroom of his home, watching television. As he heard his wife call his name, he looked around and observed two men come into the room. One of them ordered Sklaroff to stand up and not to touch anything. The two men examined "some papers that were sitting on the bed". Sklaroff says, and nobody disputes, that one of the men attached some instruments to the two telephones that were in the bedroom. This is now of no importance because no proof was offered of anything learned by these telephonic attachments, if, in fact, they were actually made. A couple of minutes after the entry of the first two men, a third arrived, informed Sklaroff he had a search warrant for the house, giving Sklaroff a copy of the warrant. The proof showed that this man had previously handed the warrant to Mrs. Sklaroff at the front door of the dwelling and had told her what it was. Sklaroff stated it would not be necessary for the officer to read the warrant, and admitted in response to a question that he did not possess a federal gambling stamp. He was then placed under arrest and taken from the room. All of the visitors, of course, were Internal Revenue Agents.

The foregoing facts were developed in a hearing on a motion to suppress the gambling paraphernalia found in the room. The motion to suppress was denied.

A trial by a jury having been previously waived, the defendant then requested the Court to decide the case on the merits on the same proof that had been heard on the motion to suppress. The defense stipulation was as follows:

"Comes now the defendant and offers to stipulate to the following facts.

That all of the testimony adduced during the Motion to Suppress be accepted as testimony in chief against the indictment, other than the answer to the questions propounded by Mr. DeMars to Mr. Sklaroff prior to the time he advised the defendant of his right not to answer or advised him of his rights that he need not incriminate himself, as the testimony affirmatively reflects.

If that proffer of stipulation is accepted, we will then further stipulate that Mr. Sklaroff on June 6, 1964, did not have a Federal Tax Wagering Stamp.

And of course, other than our objection to the motion, we will accept all of the exhibits that the Government has in their possession that were removed from the premises at that time.

We would further stipulate that if the Government's expert were to testify he would state that the memoranda seized from these premises indicate that the defendant was accepting wagers.

I believe that would cover all phases of the matter."

The Court responded, "Well, on the basis of that stipulation there is nothing left to be tried. The only thing you are preserving is your right to contest my ruling on your motion to suppress", to which defense counsel responded, "That is correct". The Court then rendered a verdict of guilty "since there is no controverted evidence".

On appeal, no further point is made of the validity of the search. Since June 6, 1964 was over two years prior to *Miranda* no point is made here as to the question propounded by the agent when he first entered the bedroom.

The crucial issue is found in the contention of the appellant that "The evidence was insufficient to prove that Sklaroff wilfully and knowingly failed to register and to pay the special tax". This point was properly preserved below

ords, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

in motions for judgments of acquittal and for a new trial.

We are of the view that the point is controlled by what we said in Edwards v. United States, 5 Cir., 1963, 321 F.2d 324, rev'd on rehearing en banc, 1964, 334 F.2d 360, cert. denied, 1965, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702.

In that case this Court first reversed § 7203 convictions. On rehearing en banc the former decision was overruled and the convictions were affirmed. As to one of the defendants in *Edwards* there was no evidence pointing to his knowledge of the statute except that he had sold lottery tickets and his father was in the lottery business. The majority opinion on rehearing noted as to him:

"As to Albert, * * * a close question is presented as to whether this inference [knowledge of the wagering tax] could be drawn beyond a reasonable doubt as required by Riggs, * * * [Riggs v. United States, 5 Cir., 1960, 280 F.2d 949], and we prefer to base our decision on our holding, hereafter elaborated, that the evidence from which the jury might draw the inference of knowledge of the law is aided or supplemented by a rebuttable presumption that the defendants knew the law." 334 F.2d at 365–366.

The promised elaboration followed:

"Where the law is plain, definite, and well settled, and any want of knowledge of its requirements is a fact resting peculiarly within the knowledge of the defendants, when the Government has established its case in all other respects, the burden of adducing *some* evidence to rebut the presumption of such knowledge rests on the defendants. A mental state being involved, the presumption of knowledge of the law is analogous to the presumption of sanity * * *." 334 F.2d at 367.

We reaffirmed and applied this rule in Evans v. United States, 5 Cir., 349 F.2d 653 (1965).

Here, it is undisputed that Sklaroff did have gambling paraphernalia in his possession in the bedroom of his home, a room equipped with two telephones. He testified on the motion to suppress but offered no testimony of his ignorance of the requirement that he pay the tax. He made no effort to rebut the rebuttable presumption of knowledge criteria laid down in *Edwards* and above quoted.

In the Court below no contention was raised that the statutes in question violate the Fifth Amendment. We therefore consider it unnecessary to delay decision in this case pending a Supreme Court disposition of Grosso v. United States [3 Cir., 358 F.2d 154, which has been restored to the docket for further argument in the 1967 term, 87 S.Ct. 2097].

We are therefore of the opinion that this judgment of conviction must be, and it is

Affirmed.

## ON PETITION FOR REHEARING

Before PHILLIPS *, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied, but the Clerk will withhold the mandate hereon pending the decision of the Supreme Court of the United States in a case there now pending styled Grosso v United States.

* Of the Tenth Circuit, sitting by designation.